Marissa A. Warren, Esq., State Bar No. 249583
Arianna M. Peregretti, Esq., State Bar No. 349616
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379
Email: mwarren@ljdfa.com
Email: aperegretti@ljdfa.com

Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS HEALTH CORPORATION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE LUNSFORD,<br><br>Plaintiff,<br><br>vs.<br><br>CVS HEALTH CORPORATION; and DOES 1 TO 50, inclusive,<br><br>Defendants. | CASE NO.: 1:24-CV-00732-KES-CDB<br>**STIPULATED PROTECTIVE ORDER**<br>U.S. DISTRICT JUDGE<br>HON. KIRK E. SHERRIFF<br>U.S. MAGISTRATE JUDGE<br>HON. CHRISTOPHER D. BAKER<br>ACTION FILED: March 15, 2024 |

## STIPULATED PROTECTIVE ORDER

The Parties herein agree that the discovery sought in this Action may require the production of certain confidential healthcare, business, commercial, trade secret, personnel, and/or financial information, and that the Parties have a legitimate need to protect the confidentiality of such information. The Parties therefore request that the Court hereby ORDER, ADJUDGE, and DECREE as follows:

 1. A Party producing or propounding written discovery responses or documents that they believe contain trade secrets or other confidential information ("Confidential

Information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are referred to in this Order as "Protected Documents." Except to the extent otherwise permitted by this Order, counsel and every Qualified Person (as defined below) provided copies of or access to Confidential Information and/or Protected Documents pursuant to this Order shall keep same within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of same to anyone. Any documents previously produced by either party which the producing party wishes to designate as "CONFIDENTIAL" may be so designated within thirty days of entry of this Order.

2. A Party may designate information as "CONFIDENTIAL" only if, in the good faith of such Party and its counsel, the producing party believes that the unrestricted disclosure of such information would be prejudicial to the business or operations of such Party.

3. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

4. If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses or discusses Confidential Information, counsel shall designate the testimony or exhibit as confidential. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed upon by the Parties or ordered. All court reporters and videographers engaged to record and/or videotape depositions in this case will be informed of this Order and will be required to sign an agreement to operate in a manner consistent with this Order.Any deposition testimony previously given by any party which the testifying party wishes to designate as "CONFIDENTAL" may be so designated within thirty days of entry of this Order.

5. A Party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential.

6. Under no circumstance may Protected Documents or Confidential Information be used in any other action or for any purposes unrelated to this litigation. Access to Protected Documents and Confidential Information shall be limited to those Qualified Persons designated in Section 5 below.

7. Protected Documents and Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"), subject to the terms set forth in Section 6 herein:

    a. The Parties to this action and their respective employees and agents;

    b. Counsel of record for the Parties, employees of such counsel, professional vendors, professional or trial consultants, mock jurors, whom disclosure is reasonably necessary for this litigation or who are assisting in the preparation or trial of this action;

    c. During their depositions, witnesses to the action to whom disclosure is reasonably necessary for this litigation;

    d. Experts and consultants retained by a Party whose assistance is necessary for preparation or trial of this action;

    e. Under seal to the Court and the Court's employees and staff;

    f. Court reporters and videographers pursuant to Paragraph 2 of this Protective Order; and

    g. Any person mutually agreed upon in writing by all Parties.

8. In no event shall any disclosure of Protected Documents or Confidential Information be made to competitors of any Party, or to any other person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of or consultants for a competitor of any Party, unless they are retained as an expert by

counsel for a Party, or unless such competitor of any Party is also itself a Party to this Litigation, in which case disclosure shall be made in accordance with the terms and provisions herein.

9. Before being given access to any Protected Documents or Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by and to comply with the terms of this Order.

10. At any stage of the proceedings, any party may object to a designation of materials as confidential information. A Party does not waive its right to challenge a confidentiality designation by electing to not mount a challenge promptly after the original designation is disclosed. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, the parties must promptly meet and confer, ~~pursuant to Local Rule 26.1.a~~. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection, or the matter has been otherwise resolved.

11. No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material. Any application to file a document under seal must be served on the person or entity that has custody and control of the document, if that person or entity has not already appeared in the action.

12. Without separate court order, the Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

13. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

14. In the event any Party or non-Party discovers that it has inadvertently produced documents or information that should have been, but was not, designated as a Protected Document or as Confidential Information, the producing Party may designate the documents or information as a Protected Document or as Confidential Information by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the Parties shall, thereafter, treat such documents or information as a Protected Document or as Confidential Information under this Order, and undertake reasonable efforts to retrieve any previously undesignated documents or information and destroy same.

15. All documents containing, referring to or otherwise disclosing Protected Documents or Confidential Information which a Party wishes to file or otherwise submit to the Court shall be conspicuously marked "CONFIDENTIAL" and filed under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and/or applicable Court directives for filing same under seal.

16. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise marked "CONFIDENTIAL."

17. Inadvertent production of documents subject to work product privilege, attorney-client privilege, or other applicable privilege shall not constitute a waiver of the privilege, provided that the producing Party notifies the receiving Party in writing of such inadvertent production. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing Party upon timely request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving Party from requesting that the Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of said privilege to withhold documents.

**STIPULATED PROTECTIVE ORDER**

18. Within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal, each Party, each non-Party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall destroy Protected Documents or return them to the Producing Party. Outside counsel for each Party may retain copies of pleadings filed in Court, and of deposition and court transcripts or recordings. Upon written request of a Party, the other Party shall confirm compliance with this section in writing.

19. A non-Party may elect to be bound by the terms of this Order by notifying counsel for all Parties in writing and may designate documents and information as Protected Documents or as Confidential Information in the manner set forth in this Order.

20. After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be a binding and enforceable agreement, and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

21. The Court shall undertake proper measures to preserve the confidentiality of Protected Documents and other Confidential Information used during any hearing or at the trial of this case or which was filed with the Court. To the extent that exhibit lists are filed in this case, the Parties shall, at the appropriate time, address the use and protection of Protected Documents at trial.

22. This Order shall be binding upon the Parties hereto, upon their attorneys, employees, agents, and independent contractors.

23. This Order does not constitute a waiver of any Party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any Party that any document or information designated as CONFIDENTIAL is in fact a trade secret or contains confidential financial, proprietary, or business information.

24. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular document as confidential. If a Party contends that any document has been erroneously, unreasonably or inappropriately designated "CONFIDENTIAL," it

shall nevertheless treat the document as confidential unless and until it either (a) obtains written permission from the Party that designated the document as confidential to do otherwise, or (b) obtains an Order of this Court stating that the document is not confidential.

25. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:                          LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES


_____
MARISSA A. WARREN, ESQ.
ARIANNA M. PEREGRETTI, ESQ.
Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS HEALTH CORPORATION

DATED:                          CARRAZCO LAW, A.P.C.


_____
THOMAS A. BRILL, ESQ.
Attorney for Plaintiff,
DIANE LUNSFORD

IT IS SO ORDERED.

Dated: **January 2, 2025**                          _____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on <u>January 2, 2025</u> in the case of **DIANE LUNSFORD v. CVS HEALTH CORPORATION**; CASE NO.: 1:24-CV-00732-KES-CDB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA    ]
                       ss.
COUNTY OF ORANGE       ]

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

    I hereby certify that on December 30, 2024, I caused all of the pages of the foregoing documents described as **STIPULATED PROTECTIVE ORDER** to be electronically filed with the United States District Court, EASTERN DISTRICT OF CALIFORNIA by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system regarding the case of DIANE LUNSFORD v. CVS HEALTH CORPORATION, Court Case No. 1:24-cv-00732-KES-CDB [Removal from Superior Court of California, Kern County, Case No: BCV-24-100920], Our Matter No. 06541.44656 MAW.

Thomas A. Brill, Esq.
Angel Carrazco, Jr., Esq.
Carrazco Law, A.P.C.
18301 Irvine Boulevard
Tustin, CA 92780
Phone: (714)541-8600
Fax: (714)541-8601
Email: thomas@carrazcolawapc.com
***Attorney for Plaintiff, DIANE LUNSFORD***

    I declare under penalty of perjury under the law of the United States of America that the forgoing is true and correct.

    Executed on December 30, 2024, at Santa Ana, California.

                                            JEANNIE LASTUFKA